Opinion issued July 25, 2002

 









 





In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00026-CR

____________


MAURICE ANTONIO SMITH, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause No. 844,109






O P I N I O N

 A jury convicted appellant, Maurice Antonio Smith, of aggravated assault and
assessed punishment at 10 years confinement. We affirm.


Facts

 On the evening of the offense, appellant drove to a shopping center on
Bissonnet Road in Houston. Appellant joined a group of men were gambling in the
parking lot. Jarvis Dirden, Elliott Clements, and at least two other unidentified men
were shooting dice. After about an hour, everyone left except for appellant, Dirden,
and Clements, who continued to gamble. Appellant became suspicious that someone
was cheating, so he bit the dice, the dice cracked, and appellant accused Clements of
using loaded dice.

 Dirden and Clements testified appellant demanded Clements return all monies
he won from appellant. (1) The three men argued for about 45 minutes, and appellant
left and returned 10-15 minutes later. Appellant confronted Clements and put his
finger on Clements's nose. Clements retaliated by hitting appellant in the face. 
Appellant pulled a handgun and began chasing Clements. Dirden and Clements
testified appellant chased Clements between parked cars and toward a convenience
store located in the parking lot. Dirden testified he heard two shots and saw Clements
fall to the ground near the convenience store's gasoline pumps. Dirden saw appellant
fire two more shots at Clements while he was lying on the ground. Clements was
shot four times; once in the right front thigh, once in each hip, and once in the back. 
Clements suffers from paralysis after the shot in his back damaged his spinal cord.

 Appellant's version of the events contradicts Dirden's and Clement's
testimony. Appellant testified he demanded his money back when he discovered the
dice were loaded. Instead of returning the money, Dirden, Clements, and the two
other men jumped him forcing him to the ground. Once they had appellant on the
ground, the four hit and kicked him repeatedly. Appellant was able to escape when
he showed his .38 caliber revolver. Appellant claimed that, as he was leaving, he
fired three times without intending to hit anyone. He stated he never chased Clements
to the gas pumps. 

 Appellant further testified he drove to his mother's house to tend to his cut lip, 
bloody and swollen face, cut hands, and swollen eye. Appellant told his mother,
Mattie Burns, he had been in a fight. Burns verified appellant's injuries.

 Houston Police Officers Reuben Deleon and Scott Gerard were working
security for a nightclub in the shopping center where the shooting occurred. Both
officers testified the parking lot was crowded with cars and people. Although they
did not witness the shooting, they heard between three and five shots fired in the
parking lot. They immediately ran in the direction of the shots and found Clements
lying near the gasoline pumps. Officer Gerard spoke with a witness, Natisha Taylor,
at the scene of the shooting. Taylor testified she was approximately 20 feet from the
gasoline pumps when she heard gunshots. She also testified she saw one man
shooting at another man as he chased him, and the shooter ran, got into a car, and
drove away.

Legal Sufficiency

 In his first point of error, appellant argues the evidence was legally insufficient
to support the jury's conclusion of guilt in light of his self-defense testimony. In
finding guilt, the jury rejected appellant's claim of self-defense.

 We apply the usual standard of review by analyzing only the evidence that
favorably supports the verdict. Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct.
2781, 2788-89 (1979). We then determine if a fact finder can logically find that such
evidence satisfies proof of the essential elements of aggravated assault. Id; see also
Tex. Pen. Code Ann. §§ 22.01-22.02 (Vernon 1994 & Supp. 2002).

 Dirden and Clements testified that, during the argument about the loaded dice,
appellant put his finger on Clements's nose, Clements hit appellant in the face, and
ran off when appellant pulled a gun. They also testified appellant began shooting at
Clements as he chased Clements through the parking lot. Clements eventually fell
to the ground near the gas pumps of a convenience store. Appellant shot Clements
twice more as he lay on the ground. Two officers working security at a nearby
nightclub found Clements on the ground near the gas pumps. Taylor testified she saw
a man chasing and shooting at another man at the same location Clements was shot. 

 We conclude, that after viewing the evidence in the light most favorable to the
verdict, a jury could find, beyond a reasonable doubt, appellant committed the offense
of aggravated assault. Jackson, 443 U.S. at 318-19, 99 S. Ct. at 2788-89.

 We overrule appellant's first point of error.

Factual Sufficiency

 In his second point of error, appellant claims the evidence was factually
insufficient to show appellant did not act in self-defense.

 In reviewing a factual sufficiency challenge, we will examine all evidence from
all sources. King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000). If the proof
of guilt is so obviously weak or so contrary to the great weight of the evidence that
to affirm the conviction would be manifestly wrong and cause a great injustice, it will
be reversed. Id. However, we will not disturb a jury's finding that is based on its
assessment of the witnesses' credibility. Id.; Collins v. Smith, 53 S.W.3d 832, 836
(Tex. App.--Houston [1st Dist.] 2001, no pet.) 

 The outcome of this case relies exclusively on the jury's assessment of the
credibility of the witnesses. Appellant's claim of self-defense contradicts the
testimony of State's witnesses, Dirden, Clements, Taylor, and the two security
officers.

 Appellant testified he was attacked by Dirden, Clements, and two unidentified
men, thrown to the ground where he was kicked and beaten. He stated he only pulled
the weapon to escape from the four men. Appellant denied he chased Clements
through the parking lot. He claimed as he was leaving he fired three random shots
with no intention of hitting anyone. Appellant's mother verified appellant had facial
injuries as though he had been involved in a fight.

 The State's witnesses admitted Clements hit appellant in the face, but only as
an act of retaliation. Dirden and Clements both testified appellant chased Clements
while shooting at him. When Clements fell to the ground near the gas pumps,
appellant fired two more shots into his body.

 The security officers heard the shots and found Clements lying on the ground
near the pumps. Taylor testified he saw one man chasing another while shooting at
him. Medical testimony diagnosed Clements's paralysis as caused from one of the
gun shot wounds. Thus, it would be impossible for Clements to place himself near
the pumps after he was shot.

 From a factual standpoint, when a State's theory of prosecution competes with
a defendant's claim of self-defense, the only issue to resolve is one of the credibility
of the witnesses. The jury did that when it found guilt, and we will not disturb that
finding on appeal. See King, 29 S.W.3d at 563.

 We overrule appellant's second point of error.

 The judgment is affirmed.



 Frank C. Price

 Justice


Panel consists of Justices Nuchia, Radack, and Price. (2)

Do not publish. Tex. R. App. P. 47.
1. Dirden and Clements testified appellant lost between $15 and $20 to them. 
Appellant testified he lost between $750 and $800.
2. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.